## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| **CYNDEE STRACENER,** | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:23-cv-62-SNLJ |
| **CANDACE TEETER, et al.,** | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., *Moore's Federal Practice* § 102.31 (3d ed. 2010).

The Complaint in this case asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of $75,000. However, plaintiff alleges she is a "resident" of Tennessee and that defendants are "residents" of Missouri. She does not allege the parties' citizenship. That is insufficient for purposes of determining

1

whether diversity jurisdiction exists. *See  Reece v. Bank of New York Mellon*, 760 F.3d 771, 777-78 (8th Cir. 2014).

This Court also notes that, although plaintiff seeks an "Order directing the winding down of the business of Carelink Extended, LLC," plaintiff does not plead any basis for this Court's authority to do so, nor does she join the LLC as a defendant. *See* § 347.143 RSMo.  In addition, it appears that joining the LLC—which may be necessary—would destroy this Court's diversity jurisdiction.  The Eighth Circuit has held that unincorporated entities such as LLCs are citizens of every state of which any member is a citizen.  *See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).  If joinder of Carelink is required, this Court would be required to examine the citizenship of each member of the LLC to determine whether diversity jurisdiction exists.  The Complaint alleges that the "named parties to this matter are the only known, or potential, members of the LLC."  It is thus possible  that including Carelink as a defendant would require this Court to consider plaintiff's own citizenship as part of Carelink's citizenship, destroying diversity and divesting this Court of jurisdiction.

Plaintiff should thus file an amended complaint that sets forth citizenship of the parties and the basis for this Court's jurisdiction, including allegations regarding the basis for this Court's authority to provide plaintiff with the relief sought.

Accordingly,

**IT IS HEREBY ORDERED** that, by May 14, 2021, plaintiff shall file an amended complaint in accordance with this memorandum.

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this order, this matter will be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

Dated this __26th__ day of April, 2021.

                                                     STEPHEN N. LIMBAUGH, JR.
                                                     SENIOR UNITED STATES DISTRICT JUDGE